**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3782-17T4

MAUREEN C. CRAWFORD,

     Plaintiff-Respondent,

v.

PAUL J. MINCH,

     Defendant-Appellant.

_____

          Submitted April 4, 2019 – Decided July 9, 2019

          Before Judges Whipple and Firko.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0128-17.

          The Marks Law Group, LLC, attorneys for appellant (Erika R. Marks, on the briefs).

          Maureen C. Crawford, respondent pro se.

PER CURIAM

Defendant Paul J. Minch appeals from a March 16, 2018 Family Part order requiring him to pay counsel fees. We affirm.

Plaintiff Maureen Crawford and defendant were married for roughly one and one half years before divorcing on December 22, 2016. They had one child. The parties executed a Matrimonial Settlement Agreement (agreement). Under the agreement defendant received "general, reasonable and liberal shared parenting time." Because defendant was deployed overseas in the armed forces, the parties did not formalize a parenting schedule at that time.

On June 21, 2017, defendant moved for a parenting schedule, holiday schedule, child support modification and joint custody. On August 15, 2017, plaintiff cross-moved opposing defendant's motion and seeking enforcement of the agreement regarding child support, sole custody and counsel fees. Plaintiff alleged in her certification in support of her motion that defendant was a substance abuser, had mental health issues and possessed numerous firearms.

On October 13, 2017, to clarify a previously entered tentative disposition, the court entered an order requiring the parties to attend custody and parenting time mediation and defendant's home was to be inspected with a report to be provided to the court. If mediation was unsuccessful, the court would order a

best interest evaluation. The judge ordered that defendant's weekly parenting time was to be supervised through Cooperative Counseling Services (CCS). The parties were ordered to split both the cost of the supervised visits and defendant's substance abuse evaluation. Defendant was ordered to provide a complete accounting of any weapons he currently possessed, weapons previously in his possession and the current whereabouts of all his weapons. Defendant was to continue to pay child support pursuant to the agreement. The court denied plaintiff's request for counsel fees without prejudice. The judge scheduled a case management conference.

Defendant's home inspection report raised no concerns, and defendant began supervised parenting time at CCS. On October 19, 2017, defendant certified he sold the last of his guns in 2015 and possessed no guns since. Accompanying the certification was a document with the weapons' serial numbers and the method of sale. Defendant underwent a substance abuse evaluation, and he tested positive for anabolic steroids and alcohol. The parties attended parenting time mediation twice but reached no agreement.

On December 14, 2017, the parties appeared in court with counsel to review the supervised parenting time report and attend custody and parenting time mediation. The parenting time report concluded:

Given the structure and protected setting of visitation services at CCS, [defendant] has overall provided adequate care for [E.M.] with prompting and guidance from staff. However, [defendant] requires reminders to provide supplies/snacks to visits. Predictions regarding [defendant's] ability to provide care for [E.M.] in an unsupervised setting cannot be made at this time. At this time, CCS makes the following recommendations:

1. [Defendant] [is] to continue having visitation with [E.M.] that is supervised by a neutral party until a bond between him and [E.M.] has been further established, and/or until [defendant] and [plaintiff] mutually come up with another agreement.

On January 10, 2018, the court conducted a case management conference. The resulting case management order required updated case information statements and ordered defendant to pay for a large share of additional evaluations for both parties. Defendant was ordered to comply with previous orders to provide proof of sale of his weapons with receipts, dates of sale, permits and whereabouts of his weapons. The judge scheduled a trial date for January 31, 2018, to address the best interests of the child, custody, parenting time, legal fees and child support.

On January 31, 2018, the court held another case management conference and ordered defendant to provide information about his workers' compensation case and to hold settlement funds in escrow to pay for the evaluations ordered on January 10, 2018. Defendant was placed on a two missed payment bench

4

warrant status for missed child support payments, and the issue of defendant's gun ownership was referred to the Union County Prosecutor's Office. The court ordered defendant to advise the court of whether he intended to comply with the January 10 order.[1]

On February 12, 2018, the court held another case management conference and defendant advised the court that he could not afford to retain the experts required by the January 10 order. Plaintiff's counsel submitted a request for attorney's fees. The judge issued an order that required defendant to have supervised parenting time, at his own expense, and requested regular status reports. Defendant was ordered to submit opposition to plaintiff's request for counsel fees by February 16, 2018, and the court relisted the matter for February 23, 2018, to address child support obligations.

On February 23, 2018, defendant withdrew his request for unsupervised parenting time. The court ordered defendant to submit to another substance abuse evaluation. On March 16, 2018, the court entered an order for counsel fees. The court ordered defendant to pay $26,715.62 to plaintiff's attorney,

---

[1] The Union County Prosecutor's Office, after speaking with defendant, declined to pursue an investigation.

payable in monthly installments of $250 for 8.8 years, and set defendant's child support obligation at $1025 per month. This appeal followed.

On appeal, defendant argues the judge abused her discretion by ordering him to pay counsel fees because she erroneously focused on defendant's conduct during litigation, rather than the position he advanced. Defendant also argues ordering him to pay plaintiff's legal fees to enforce existing orders was not justified and his conduct did not constitute bad faith.

Our "review of a trial court's fact-finding function is limited." Cesare v. Cesare, 154 N.J. 394, 411 (1998). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12. Consequently, the factual findings and legal conclusions reached by the Family Part judge will not be set aside unless the court is "'convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or . . . we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412). However, we owe no special deference to the trial court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

An award of attorneys' fees and costs in matrimonial cases is a matter committed to the discretion of the trial court. See Williams v. Williams, 59 N.J. 229, 233 (1971). "In our review, '[w]e will disturb a trial court's determination on counsel fees only on the "rarest occasion," and then only because of clear abuse of discretion.'" Slutsky v. Slutsky, 451 N.J. Super. 332, 365 (App. Div. 2017) (alteration in original) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008)). In exercising that discretion, however, the court must comply with N.J.S.A. 2A:34-23, which requires consideration of "the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party." Mani v. Mani, 183 N.J. 70, 94 (2005) (quoting N.J.S.A. 2A:34-23).

The factors set forth in the rule on counsel fees include:

> (1) the financial circumstances of the parties;
>
> (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party;
>
> (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;
>
> (4) the extent of the fees incurred by both parties;
>
> (5) any fees previously awarded;
>
> (6) the amount of fees previously paid to counsel by each party;

(7) the results obtained;

(8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and

(9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

"[T]he court must also consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party . . . ; the nature and extent of services rendered; and the reasonableness of the fees."

[Mani, 183 N.J. at 94-95.]

Bad faith "implies something more than a showing of a mistaken, unreasonable or frivolous position"; rather, "[i]t requires a party to have malicious motives, to be unfair, to desire to destroy the opposing party, to use the court system improperly to force a concession not otherwise available." Kelly v. Kelly, 262 N.J. Super. 303, 308 (Ch. Div. 1992).

Here, the judge considered the factors set forth in Rule 5:3-5(c). With respect to factors one and two, the judge stated, "[i]t is difficult for the [c]ourt to ascertain which party has the greater ability to pay for the other's counsel fees, but acknowledges that it cannot completely ascertain [d]efendant's current financial circumstances[.]"

Relying on factor three, the good faith and reasonableness of the parties, the judge found:

> Defendant has disregarded [c]ourt [o]rders set specifically to allow him to exercise parenting time with his daughter, which was his original request in June 2017. Defendant did not comply with [c]ourt [o]rders to certify that he no longer had weapons and that [the] same were secured, etc. The [c]ourt has absolutely no way to determine whether the weapons were actually sold based on the information [d]efendant provided, as he provided no receipts for the sale of the weapons. Although [d]efendant has complied with some provisions of [c]ourt [o]rders such as undergoing substance abuse evaluations, urine screens, a [Division of Child Protection and Permanency] investigation, and psychological evaluation, [d]efendant unilaterally stopped going to the [c]ourt [o]rdered supervised parenting time and did not schedule the psychiatric and best interest evaluation set forth in the [c]ourt's January 10, 2018 [o]rder. It was only after nearly seven months that [d]efendant decided to amend his motion and seek only supervised parenting time, rather than joint custody and a visitation schedule with overnights. Defendant is also not up to date on his child support. All of these actions caused [p]laintiff extensive and unnecessary counsel fees. Thus, the [c]ourt concludes [d]efendant has not acted entirely reasonable nor in good faith.

In considering factors four, five and six, counsel fees incurred, paid and previously awarded, the judge found plaintiff paid $30,738.93 to date, and defendant owed his attorney $11,000. The judge found factor seven, results

9

obtained, mostly favored plaintiff as defendant sought joint custody but ultimately modified his request to accept supervised parenting time.

Applying factor eight, enforcement of existing orders or to compel discovery, the judge found a counsel fee was warranted given defendant's blatant failure to abide by court orders and the necessity to return to court on numerous occasions. The court found defendant would not have succeeded on his original motion, because he did not abide by the court's order to provide funding for a best interests evaluation. Thus, the judge found defendant's bad faith necessitated a fee award.

Plaintiff initially requested $42,413.50 in counsel fees. After deductions, the judge ultimately awarded plaintiff $26,715.62 in counsel fees to be paid directly from defendant to plaintiff's attorney.

We discern no error in the judge's determination that defendant's failure to abide by court orders constituted bad faith. "Bad faith and assertion of an unreasonable position is properly considered in awarding a counsel fee[.]" Diehl v. Diehl, 389 N.J. Super. 443, 455 (App. Div. 2006). "[T]he purpose of the award is to protect the innocent party from unnecessary costs and to punish the guilty party." Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000).

Plaintiff was forced to incur unnecessary attorney's fees to compel defendant's compliance with the court orders. We defer to the judge's finding that at every turn defendant failed to meet his court ordered obligations.

We also reject defendant's argument that it was error for the judge to award counsel fees because plaintiff obtained a favorable outcome. We recognize defendant's position in seeking parenting time was not necessarily without merit. But the issue was never resolved on the merits because defendant did not pay for court-required experts for the case to go to trial. Defendant ultimately withdrew his request for unsupervised parenting time, but the judge explained that because supervised parenting time was ordered on October 13, 2017, all litigation after that date could have been avoided.

We have carefully reviewed defendant's remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3782-17T4